[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15543
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cv-00215-RH-CAS


JOHN E. WATKINS,

Plaintiff-Appellee,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(October 28, 2016)

Before WILLIAM PRYOR, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

The Secretary of the Florida Department of Corrections appeals the summary judgment and injunction in favor of John Watkins's complaint that the Department violated his rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1. The Secretary argues that the Department is not required to provide Watkins a kosher diet because the state has a compelling interest in cost containment and security and that the injunction is not narrowly drawn as required by the Prison Litigation Reform Act. We affirm.

Two standards of review govern this appeal. We review a summary judgment *de novo*. *Frazier-White v. Gee*, 818 F.3d 1249, 1255 (11th Cir. 2016). And we review the entry of a permanent injunction for an abuse of discretion. *Thomas v. Bryant*, 614 F.3d 1288, 1303 (11th Cir. 2010).

The district court did not err in granting summary judgment in favor of Watkins and against the Secretary. Our recent decision in *United States v. Sec'y, Fla. Dep't of Corr.*, 828 F.3d 1341, 1345–46 (11th Cir. 2016), forecloses the Secretary's argument that the Department has no obligation to provide a Watkins a kosher diet. To the extent that the Secretary argues that Watkins's complaint is distinct because he may later ask for an individual diet, that argument is not ripe. Watkins offers no complaint about the diet that the Department is currently providing him.

2

The district court also did not abuse its discretion in entering an injunction against the Secretary. The injunction is narrowly drawn. It limits relief to Watkins alone. It does not enter system-wide relief requiring the Department to provide religiously acceptable diets to any other inmate. An injunction defining in detail the requirements for a kosher meal would be broader than necessary and would impose greater restrictions on the Department. *See* 18 U.S.C. § 3626(a)(1)(A).

**AFFIRMED.**